1 | VAHN ALEXANDER (167373)
**FARUQI & FARUQI, LLP**
2 | 1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
3 | Telephone: (310) 461-1426
Facsimile: (310) 461-1427
4 | valexander@faruqilaw.com

5 | JON TOSTRUD (199502)
**CUNEO, GILBERT & LaDUCA, LLP**
6 | 1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
7 | Telephone: (310) 461-1620
Facsimile: (310) 461-1621
8 | jtostrud@cuneolaw.com

9 | *Attorneys for Plaintiffs*

10

11

12

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | WILLY GRANADOS and THOMAS
VELAZQUEZ, on Behalf of Themselves
17 | and All Other Persons Similarly Situated,

18 |                    Plaintiffs,

19 |
        v.
20

21 | POWER BALANCE, LLC, and Does 1-
10

22

23 |                    Defendants.

CASE NO.

SACV11-00191 AG (RNBx)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

24

25

26

27

28

---

**CLASS ACTION COMPLAINT**

1    Plaintiffs Willy Granados and Thomas Velazquez ("Plaintiffs"), individually
2  and on behalf of all other persons similarly situated, allege upon personal knowledge
3  as to their own acts, and as to all other matters upon information and belief based
4  upon, *inter alia*, the investigation made by and through their attorneys.

5                              **SUMMARY OF ACTION**

6        1.    This is a class action brought by Plaintiffs against defendant Power
7  Balance, LLC ("Power Balance" or the "Company"), on behalf of a nation-wide
8  proposed class (the "Class") of all consumers who purchased Power Balance
9  Wristbands, Power Balance Bracelets, and any other Power  Balance jewelry (herein
10 referred to as "Power Balance Products") within the last four years (the "Class
11 Period").   Plaintiffs allege that the Company's marketing, advertising, selling,
12 promoting and distributing of Power Balance Products relies on deceptive and
13 misleading claims which as Power Balance has recently admitted, are unsupported
14 by any scientific evidence.  The typical cost for Power Balance Products is $29.95.

15       2.    Power Balance was founded in January 2007 and is located in Orange
16 County, California.   Among other things, the Company claims that the hologram
17 technology in its Power Balance Products provides the following benefits: (a)
18 increase balance & strength; (b) optimize your body's natural energy field; (c) blocks
19 harmful cell phone radiation; (d) increase flexibility and range of motion; (e) relieve
20 of stress and tension; and (f) better focus and alertness.

21       3.    Regarding its products, Power Balance further claims: (a) to "bring
22 science and nature together;" (b) that its products are based on revolutionary
23 "Performance Technology designed to work with your body's natural energy field;"
24 (c) that Power Balance is based on the idea of "optimizing the body's natural energy
25 flow," and (d) that "the hologram in Power Balance [Products] is designed to
26 resonate with and respond to the natural energy field of the body."

27

28

**CLASS ACTION COMPLAINT**

1        4.    In addition, Power Balance makes a number of representations on its

2    website under the FAQs ("Frequently Asked Questions") section which include the

3    following:

- **What is Power Balance?**  Power Balance is Performance Technology designed to work with your body's natural energy field.  Founded by athletes, Power Balance is a favorite among elite athletes for whom balance, strength and flexibility are important.

- **What Does it do?**  The Power Balance bracelet contains a Mylar hologram designed to react with the body's natural energy flow.

- **How Does the Hologram Work?**  Power Balance is based on the idea of optimizing the body's natural energy flow, similar to concepts behind many Eastern philosophies.  The hologram in Power Balance is designed to respond to the natural energy field of the body.  The Mylar material at the core of Power Balance has been treated with energy waves at specific frequencies.  The resulting Mylar is believed to resonate and work with your body's natural energy flow to help enable you to perform at the best of your ability.

- **Why Was Power Balance Created?**  For centuries many people – including practitioners of many Eastern philosophies – have practiced different methods to seek to optimize the body's natural energy flow. Power Balance was created as an easy and affordable method for the public to enjoy.  The idea and subsequent investigation of ways to seek to optimize the body's energy flow is not a new concept.  It has been pursued in many ways over hundreds of years.  Power Balance has created products designed to respond with your body's natural energy flow in a simple and affordable way.

- **Where/How is it Made?**  The holograms are purchased and programmed in the USA.  The silicone/neoprene wristbands are manufactured in China.

- **How Long Does It Last?**  The holograms are designed to last indefinitely.

- **Why Does The Neoprene Wristband Only Have One Hologram While The Silicone Band Has Two?**  Both Wristbands have two holograms.  A second programmed hologram is embedded in the underside of the neoprene band.

    5.    Based on these representations, Defendants have achieved remarkable financial success through the promotion of Power Balance Products.  In fact, the Company has generated as much as $35 million in revenue in 2010.

**CLASS ACTION COMPLAINT**

6.     However, on November 21, 2010, the *Sunday Age* (Melbourne, Australia), in an article entitled "TGA Gives A Slap On The Wristband," reported the following concerning deceptive and misleading statements associated with Power Band Products:

> *The distributors of the popular Power Balance wristbands have been ordered to drop "misleading" claims that they improve flexibility, balance and strength.*[1] The Therapeutic Goods Complaints Resolution Panel found there was *no evidence* that the wristbands used by sports stars including AFL players Brendan Fevola and Jack Riewoldt helped to improve performance. *The panel said the claims were false and misleading and breached the therapeutic goods advertising code.*
>
> It demanded they be withdrawn and a retraction published on the Power Balance website by tomorrow week. AFL spokesman Patrick Keane said it would be up to individual players to decide if they continued using the bands following the panel's ruling.  The AFL Players Association's Ben Hart said players would be alerted to the panel's findings.  "Despite this, there is also a widespread understanding that the bands have not been scientifically proven. At the end of the day, it's a personal choice wear this kind of equipment," he said.  The wristbands developed in California are imported into Australia by two Melbourne businessmen, Tom O'Dowd and Sean Condon, and sold in more than 700 outlets across the country.  The three-millimetre-thick silicone bands with two hologram discs - which the distributors claim are "embedded with frequencies that react positively with your body's natural energy field" - sell for $59.95 and a pendant version for $90.  Power Balance Australia has sold millions of dollars' worth of the bands since the company, based in Port Melbourne, was set up in August last year. Mr O'Dowd, a carpenter by trade, denies the wristbands are a scam, saying they come with a 30-day money-back guarantee.  Paid product ambassadors include Fevola, NRL star Benji Marshall, racing car driver Rubens Barrichello, basketballer Andrew Bogut and Bondi Beach lifeguards.  *The complaints panel found Power Balance should not have published an advertisement for the wristbands on its website "which unlawfully made claims . . . about the body's 'electric balance' and improving 'synaptic response', brain function, muscle response, stamina, oxygen uptake, recovery, flexibility and 'gravitational balance'". The panel said Power Balance "provided no evidence to support any of the claims . . . and no indication that such evidence exists." In response, Power Balance acknowledged it had breached the code. "Since the time of the complaint, the relevant claims had been removed from the website," the company said.* The panel investigated the bands following a complaint from La Trobe University public health researcher Ken Harvey after he read a Sunday Age report in June.  Dr Harvey said he welcomed the panel's findings but was worried that Power Balance would ignore the ruling because both the panel and the TGA were seen to be paper tigers.  Under the Therapeutic Goods Act, there is no provision for the TGA to impose civil penalties for breaches of the advertising code.  The TGA can only remove products from the register and

---

[1] At all times, emphasis is added unless otherwise indicated.

CLASS ACTION COMPLAINT

refer repeated breaches of the advertising code to the Commonwealth Director of Public Prosecutions for criminal prosecution.

7. Thereafter, on December 22, 2010, the *International Business Times News* reported, in an article entitled "ACCC Calls Power Balance a Scam":

Popular athletes wear and endorse them purportedly to enhance their competitive skills but Choice merely labelled the rubber wristband as a waste of money and now *Australia's consumer watchdog calls the product as nothing but a scam.*

Power Balance has been claiming that its sports bracelet provides balance, strength and flexibility by working through its owners' natural energy prowess but that assertion has been watered down by the manufacturer's recent admission that no science could back such benefits.

*As a result, the Australian Competition and Consumer Commission (ACCC) is ordering Power Balance Australia to refund all customers wanting to return the product, with ACCC chair Graeme Samuel declaring in his Thursday statement that rubber wristband carries "no credible scientific basis for the claims and therefore no reasonable grounds for making representations about the benefits of the product."*

Power Balance currently retails at $29.90, according to the product's online site, and is worn by well-known sports figures such as Brendan Fevola, Kevin Pietersen and Nick Riewoldt.

*Samuel said that Power Balance's false claims are directly violating the provisions of the Trade Practices Act of 1974, which explicitly prohibits deceptive and misleading advertisement of products sold in Australia.*

*As such, continued marketing and selling of the product with deliberate deception by local retailers would constitute regulatory action from the ACCC, according to Samuel.*

Consumer advocacy group Choice listed Power Balance to its Shonky awards this year as it declared that tests conducted on the product merely confirmed suspicions that the rubber wristband was more effective in emptying a person's pocket than enhancing his athletic ability.

*Also, Power Balance has admitted in November that it may have violated the therapeutic goods advertising code and proceeded in striking out such claims on its Australian official website.*

8. Yet despite these revelations, Power Balance continues to tout its products without any scientific evidence in support of its claims. As reported on *Business Wire* on January 4, 2011, in an article entitled "Power Balance LLC Issues

5

**CLASS ACTION COMPLAINT**

1  Statement Regarding the Global Defense of the Power Balance Brand," the

2  Company made the following statements:

> Keith Kato, President, Power Balance LLC today made the following statement regarding The Global Defense of the Power Balance Brand:
>
> To: Power Balance Partners
>
> From: Keith Kato, President, Power Balance LLC
>
> Subject: The Global Defense of the Power Balance Brand
>
> Power Balance products work.   The existing reports out there are fundamentally incorrect. Power Balance did not make any claims that our product does not perform.
>
> We are committed to bringing our performance technologies to every athlete in the world from professional to amateur to recreational.  Our community of believers continues to grow each week.   While our previous claims in marketing ads are not up to Australia's ACCC standards - we stand behind our products.  The belief of thousands of consumers and athletes who wear our products are not wrong.
>
> A preliminary study recently conducted on the product's performance variables was commissioned and the findings have determined that the product does in fact provide a "statistically significant" result on the wearer's performance.   We are committed to further evaluating the product's performance parameters so that we can continue to provide products that enhance the wearer's lifestyle.
>
> Numerous actual consumer testimonies supporting the wristbands' performance were provided to the ACCC by Power Balance.  Despite that, they requested Power Balance remove marketing claims until it could provide them with their narrow criteria of randomized, double-blind scientific studies that supports the use of those marketing phrases.
>
> Power Balance voluntarily agreed to stop using those phrases. Power Balance believes and wants users to believe that we will do whatever it takes to appropriately, and with honor and integrity make our products available to every consumer in every market in the world.
>
> If you have questions, please feel free to contact us.
>
> Best Regards, Keith Kato, President, Power Balance LLC

24      9.    In response to the Company's statement, on January 5, 2011, the

25  *Orange County Register*, in an article titled "Company Defends Bracelet," reported

26  as follows:

*Power Balance, the Laguna Niguel-based company that acknowledged on its Australian website that there's no "credible scientific evidence" supporting the company's claims about its hologram bracelets, issued a new statement standing by the products.*

"Power Balance products work," the statement says. "The existing reports out there are fundamentally incorrect. Power Balance did not make any claims that our product does not perform."

The company had drawn the ire of Australia's regulators for claiming that the wristbands and pendants use the body's "natural energy field" to improve wearers' balance, strength and flexibility.

*Last month, Power Balance acknowledged on its Australian website that "there is no credible scientific evidence that supports our claim," and that it engaged in misleading conduct outlined in Australian consumer law. The company has withdrawn the advertising claims and is offering consumers in that country a refund if they feel they've been misled.*

The company began selling bracelets in 2007 embedded with holograms that were purportedly designed to interact with the body's natural energy flow.

Josh Rodarmel, who co-founded Power Balance with his brother Troy, said the technology behind the device was based on Eastern philosophy to allow users to achieve their best. "It absolutely is never to be a substitute for hard work," Rodarmel said. "It's about making you the best you can be."

The colorful wristbands, which sell for $29.95, have been donned by Lamar Odom of the Los Angeles Lakers and soccer star David Beckham. The company expects more than $35 million in sales in 2010.

*Some doctors have attributed reported benefits to a placebo effect. Recently, The Orange County Register wrote about two Vanguard University basketball players who tested the bracelets and found that they performed no better than fakes.*

*The Australian Competition and Consumer Commission said that Power Balance's claims "were likely to mislead consumers into believing that Power Balance products have benefits that they do not have."*

10.   Moreover, like many products of dubious origin and quality, Power Balance Products "money back guarantee" is also deceptive and misleading. The Company's website touts a 30-day guarantee, stating in bold type: "**30 DAY UNCONDITIONAL MONEY BACK GUARANTEE.**" However, this "guarantee" is not what it claims.

11.   The fine print of the Company's website reveals that Power Balance Products are not risk free because certain charges are not refundable. Specifically,

7

**CLASS ACTION COMPLAINT**

1  the website states: "Proof of purchase required.  Refunds and exchanges are accepted
2  for purchases made directly from PowerBalance.com or at an Authorized Power
3  Balance Dealer within the United States.  For products purchased at an Authorized
4  Retailer, see refund and exchange rules and regulations as provided by that retailer.
5  *Shipping and Handling charges are non-refundable.*"

6      12.    In sum, Power Balance Products *do not* come close to providing the
7  Company's claimed benefits and the Company's "money back guarantee" is *not*
8  unconditional and does not make Class members whole if they are unsatisfied with
9  Power Balance Products and the claims associated with those products.

10                                     **PARTIES**

11      13.    At all relevant times hereto, plaintiff Willy Granados was a citizen of
12  the State of California, and a resident of Los Angeles County, California.  Plaintiff
13  purchased his Power Balance Products in Los Angeles County, California.

14      14.    At all relevant times hereto, plaintiff Thomas Velazquez was a citizen of
15  the State of California, and a resident of Los Angeles County, California.  Plaintiff
16  purchased his Power Balance Product in Las Vegas, Nevada.

17      15.    Defendant Power Balance is a California company with its principal
18  offices located at 30012 Ivy Glenn Drive, Suite 180, Laguna Niguel, California
19  92677.  The Company advertises, sells, and distributes Power Balance Products
20  throughout California, the United States, and worldwide.

21      16.    The true names and capacities of defendants sued herein as Does 1-10,
22  inclusive, are presently not known to Plaintiffs, who therefore sue these defendants
23  by such fictitious names.  Plaintiffs will seek to amend this Complaint and include
24  these Doe Defendants' true names and capacities when they are ascertained.  Each of
25  the fictitiously named defendants is responsible in some manner for the conduct
26  alleged herein and for the injuries suffered by the Company as a result of defendants'
27  wanton and illegal conduct.

28
                                          8

1    17.    Power Balance and Does 1-50 are collectively referred to as
2  "Defendants." Plaintiffs are informed and believe, and thereon allege, that each of
3  the defendants named herein, including those defendants named as Doe Defendants,
4  acted as the agent, employee, representative partner, joint venturer, or co-conspirator
5  of each of the other defendants named herein in the commission of the acts and
6  omissions to act alleged herein, and acted within the course and scope of his, her, or
7  its duty as such agent, employee, representative, partner, joint venturer, or co-
8  conspirator. The acts of each such defendant were authorized and/or ratified by each
9  other defendant, and together constitute a single and continuing course of conduct.

10                **JURISDICTION AND VENUE**

11    18.    This Court has subject matter jurisdiction over this action pursuant to
12  the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) because there is
13  minimal diversity as between one plaintiff and one defendant and the amount in
14  controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs.

15    19.    Substantial acts which give rise to the causes of action asserted herein
16  occurred within this State and this District.

17    20.    Venue is proper in this District under 28 U.S.C. §1391 in that
18  Defendants conduct and transact business in this District and the principal
19  headquarters of the Company are located in this District. Further, Plaintiffs were
20  exposed to advertising as well as purchased a Power Balance Product in Los Angeles
21  County.

22                **CLASS ACTION ALLEGATIONS**

23    21.    Plaintiffs bring this class action on behalf of themselves and all others
24  similarly situated as members of a proposed plaintiff national class (the "Class") who
25  purchased Power Balance Products. The proposed Class, which Plaintiffs seek to
26  represent, is comprised of all individuals who purchased Power Balance Products
27  within the four year period prior to the filing of this Complaint (the "Class Period").

28
                                        9
                            **CLASS ACTION COMPLAINT**

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers, directors of the entity Defendant, or employees, and any legal representative, heir, successor, or assignee of Defendants.

22.     This action has been brought and may properly be maintained pursuant to the provisions of Rule 23 of the *Federal Rules of Civil Procedure,* and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

23.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that thousands of persons are members of the Class.  The precise number of Class members and their addresses are unknown to Plaintiffs.  Class members may be notified of the pendency of this action by published and/or mailed notice.

24.     There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

25.     Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.

26.     The questions common to members of the Class are, *inter alia*:

(a)     whether the marketing and advertising of Power Balance Products was deceptive or misleading;

(b)     whether Power Balance Products failed to conform to Defendants' claims, which were published, disseminated and advertised to Plaintiffs and the Class;

**CLASS ACTION COMPLAINT**

1            (c)    whether Defendants concealed from Plaintiffs and the Class that

2 Power Balance Products did not conform to Defendants' stated claims;

3            (d)    whether, by the misconduct set forth in this Complaint,

4 Defendants have engaged in unfair, deceptive or unlawful business practices with

5 respect to the advertising, marketing and sales of Power Balance Products;

6            (e)    whether Defendants violated the Unfair Competition Law;

7            (f)    whether Defendants violated the Consumers Legal Remedies Act;

8            (g)    whether Defendants were unjustly enriched by their conduct; and

9            (h)    whether as a result of Defendants' misconduct as alleged herein,

10 Plaintiffs and the Class are entitled to injunctive and monetary relief and, if so, the

11 amount and nature of such relief.

12     27.    Plaintiffs' claims are typical of the claims of the members of the Class

13 as all members of the Class are similarly affected by Defendants' wrongful conduct.

14 Plaintiffs have no interests antagonistic to the interests of the other members of the

15 Class. Plaintiffs and all members of the Class have sustained economic injury

16 arising out of Defendants' violations of common and statutory law as alleged herein.

17     28.    Plaintiffs are adequate representatives of the Class because their

18 interests do not conflict with the interests of the members of the Class they seek to

19 represent; they have retained counsel competent and experienced in complex class

20 action litigation; and they intend to prosecute this action vigorously. The interests of

21 members of the Class will be fairly and adequately protected by Plaintiffs and their

22 counsel.

23     29.    A class action is superior to all other available methods for the fair and

24 efficient adjudication of this controversy since joinder of all members is

25 impracticable. Furthermore, as the damages suffered by individual Class members

26 may be relatively small, the expense and burden of individual litigation make it

27 impossible for members of the Class to individually redress the wrongs done to

28

CLASS ACTION COMPLAINT

1  them.   There will be no difficulty in the management of this class action.

2  Individualized litigation presents the potential for inconsistent or contradictory

3  judgments.  A class action presents far fewer management difficulties and provides

4  the benefits of single adjudication, economy of scale, and comprehensive supervision

5  by a single court.

## COUNT I
### [Unfair Business Practices Act]
*California Business & Professions Code §17200 et seq.*

8      30.    Plaintiffs, on behalf of themselves and on behalf of all others similarly

9  situated, reallege each and every allegation above as if fully set forth herein, and

10 further allege as follows.

11     31.    The Unfair Business Practices Act defines unfair business competition

12 to include any "unfair," "unlawful," or "fraudulent" business at or practice.

13 *California Business & Professions Code §17200.*  Unfair competition also includes

14 "unfair, deceptive, untrue or misleading advertising."   The Act also provides for

15 injunctive relief and restitution for violations.

16     32.    Throughout the Class Period, Defendants committed acts of unfair

17 competition, as defined by §17200, by using unsubstantiated, deceptive and

18 misleading statements to promote the sale of Power Balance Products as described

19 above.

20     33.    Defendants' misleading marketing scheme, which related to its Power

21 Balance Products, violated the Consumer Legal Remedies Act and is therefore

22 unlawful pursuant to California Business & Professions Code §17200, *et seq.*

23     34.    Defendants' conduct is unfair in that the harm to Plaintiffs and the Class

24 arising from Defendants' conduct outweighs the utility, if any, of those practices.

25     35.    Plaintiffs and members of the Class have suffered injury and actual out

26 of pocket losses as a result of Defendants' unfair, unlawful, and deceptive business

27 acts and practices because: (i) Plaintiffs and the Class were induced to purchase an

28

1  unproven, misrepresented product; and (ii) Plaintiffs and the Class were induced to
2  pay substantially more for this product than they would have paid if its true
3  characteristics had not been concealed or misrepresented.

4      36.    Defendants' acts and practices as described herein have deceived and/or
5  are likely to deceive members of the consuming public.

6      37.    As a result of the conduct described above, Defendants have been and
7  will be unjustly enriched at the expense of Plaintiffs and members of the proposed
8  Class.  Specifically, Defendants have been unjustly enriched by the profits from
9  consumers who purchased Power Balance Products.

10      38.    Pursuant to *California Business & Professions Code* §17203, Plaintiffs
11  and the Class are therefore entitled to: (a) an Order requiring Defendants to cease the
12  acts of unfair competition alleged herein; (b) full restitution of all monies paid to
13  Defendants as a result of their deceptive practices, including, but not limited to,
14  disgorgement of all profits of Power Balance Products; (c) interest at the highest rate
15  allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs
16  pursuant to *California Code of Civil Procedure* §1021.5.  Plaintiffs and members of
17  the proposed Class may be irreparably harmed and/or denied an effective and
18  complete remedy if such an Order is not granted.  Such conduct is ongoing and
19  continues to this date.  Plaintiffs and the proposed Class members are therefore
20  entitled to the relief described herein.

## COUNT II

**[False Advertising]**
**False Advertising Act, Business & Professions Code §17500, *et seq.***

24      39.    Plaintiffs, on behalf of themselves and on behalf of all others similarly
25  situated, reallege each and every allegation above as if fully set forth herein, and
26  further allege as follows.

40.   California's False Advertising law (*California Business & Professions Code* §§17500, *et seq.*) makes it unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device, or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

41.   Throughout the Class Period, Defendants committed acts of false advertising, as defined by §17500, by using unsubstantiated, false and misleading statements to promote the sale of Power Balance Products, as described above.

42.   Defendants knew or should have known, through the exercise of reasonable care that the statements were untrue and misleading.

43.   Defendants' actions, in violation of §17500 were false and misleading such that the general public is and was likely to be deceived.

44.   As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiffs bring this action pursuant to §17535 for injunctive relief to enjoin the practices described herein.

## COUNT III
### [Deceptive Practices]
**Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.***
**(Injunctive Relief Only)**

45.   Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, reallege each and every allegation above as if fully set forth herein, and further allege as follows.

46.   At all relevant times, Plaintiffs were "consumers," as that term is defined in *Civil Code* §1761(d).

**CLASS ACTION COMPLAINT**

47.     At all relevant times, the Power Balance Products constituted "goods," as that term is defined in *Civil Code* §1761(a).

48.     At all relevant times, Power Balance was a "person," as that term is defined in *Civil Code* §1761(c).

49.     At all relevant times, Plaintiffs' purchases of Power Balance Products constituted a "transaction," as that term is defined in *Civil Code* §1761(e).

50.     The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Defendants' Power Balance Products to Plaintiffs and the Class. Defendants' practices, acts, policies, and course of conduct violated the California Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.*, (the "CLRA"), in that, as described above:

(a)     Defendants represented that Power Balance Products had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which the do not have in violation of *California Civil Code* §1770(a)(5);

(b)     Defendants represented that Power Balance Products were of a particular standard or quality, when they were aware that they were of another in violation of §1770(a)(7) of the CLRA;

(c)     Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Power Balance advertised its Power Balance Products with intent not to sell them as advertised in violation of §1770(a)(9) of the CLRA; and

(d)     Defendants represented that their 30-day money back guarantee confers or involves rights, remedies, or obligations which it does not have or involve, in violation of §1770(a)(14) of the CLRA.

51.     As a proximate result therefore, Plaintiffs and Class members have suffered harm. Plaintiffs seek restitution of all monies received by Power Balance as

CLASS ACTION COMPLAINT

1  a result of sales of Power Balance Products as provided in *California Civil Code*
2  §1780. Plaintiffs are informed and believe that the amount of said restitution is
3  unknown at this time, but will seek relief to amend this complaint when the same has
4  been ascertained.

5       52. Prior to the filing of this Complaint, a CLRA notice letter was served on
6  Power Balance which complies in all respects with *California Civil Code* §1782(a).
7  Plaintiffs sent the Company a letter *via* certified mail, return receipt requested,
8  advising Power Balance that it is in violation of the CLRA and must correct repair,
9  replace or otherwise rectify the goods alleged to be in violation of §1770. Power
10 Balance was further advised that in the event that the relief requested has not been
11 provided within (30) days, Plaintiffs will amend this Complaint to include a request
12 for monetary damages pursuant to the CLRA.

13      53. Wherefore, Plaintiffs seek only injunctive relief for this violation of the
14 CLRA at this time.

15 **COUNT IV**

16 **[Unjust Enrichment/Common Law Restitution]**

17      54. Plaintiffs, on behalf of themselves and on behalf of all others similarly
18 situated, reallege each and every allegation above as if fully set forth herein, and
19 further allege as follows.

20      55. In selling Power Balance Products, Defendants have unjustly enriched
21 themselves.

22      56. Defendants' retention of revenue from the sale of Power Balance
23 Products violates fundamental principles of justice, equity and good conscience.

24      57. Accordingly, Plaintiffs and the Class are entitled to restitution of the
25 purchase price and disgorgement of all wrongfully obtained revenue and such other
26 and further relief as the Court may deem just.

27

28

16

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs request on behalf of themselves and other members of the Class, for judgment against Defendants as follows:

A.      An Order certifying the proposed Class herein under Rule 23 of the *Federal Rules of Civil Procedure*, and certifying Plaintiffs as class representatives and their undersigned counsel of record to represent the Class;

B.      Awarding injunctive relief in favor of Plaintiffs and the other Class members against Defendants enjoining Defendants from pursuing the policies, acts and practices complained of herein;

C.      Awarding injunctive relief requiring Defendants to undertake an immediate public information campaign to inform members of the general public as to their prior practices and notifying the members of the proposed Class as to the presence of potential restitutionary relief;

D.      For an Order requiring disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

E.      Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees, pursuant to *California Code of Civil Procedure* §1021.5, the UCL, and the CLRA; and

F.      Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict Defendants' assets to assure Plaintiffs and the members of the Class have an effective remedy.

1

## JURY DEMAND

2        Plaintiffs hereby demand a trial by jury.

3  Dated: February 2, 2011                Respectfully submitted,

4
                                          **FARUQI & FARUQI, LLP**
5

6                               By:

7                                         Vahn Alexander

8
                                          1901 Avenue of the Stars, 2nd Floor
9                                         Los Angeles, CA  90067
                                          Telephone: (310) 461-1426
10                                        Facsimile: (310) 461-1427
                                          valexander@faruqilaw.com
11

12
                                          JON TOSTRUD
13                                        **CUNEO, GILBERT & LaDUCA, LLP**
                                          1901 Avenue of the Stars, Second Floor
14                                        Los Angeles, CA 90067
                                          Telephone: (310) 461-1620
15                                        Facsimile: (310) 461-1621
                                          jtostrud@cuneolaw.com
16

17
                                          *Attorneys for Plaintiffs*
18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

## AFFIDAVIT OF WILLY GRANADOS

1.    I, Willy Granados, submit this affidavit pursuant to *California Civil Code* §1780(d) of the *Consumers Legal Remedies Act* and declare the following.

2.    I am the named plaintiff in the Complaint filed herewith and I am a resident of Los Angeles County, California.

3.    I purchased Power Balance, LLC products which are the subject of this Complaint, in Los Angeles, California.

4.    Defendant Power Balance, LLC, maintains its principal place of business, and conducts business, Orange County, California.

5.    Accordingly, the United States District Court for the Central District of California is the proper place for the trial of this action under *California Civil Code* §1780(d), and this action is properly commenced in this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of February 2011, at Los Angeles, California.

Willy Granados

## AFFIDAVIT OF THOMAS VELAZQUEZ

1.   I, Thomas Velazquez, submit this affidavit pursuant to *California Civil Code* §1780(d) of the *Consumers Legal Remedies Act* and declare the following.

2.   I am the named plaintiff in the Complaint filed herewith and I am a resident of Los Angeles County, California.

3.   I purchased Power Balance, LLC products which are the subject of this Complaint, in Las Vegas, Nevada.

4.   Defendant Power Balance, LLC, maintains its principal place of business, and conducts business, Orange County, California.

5.   Accordingly, the United States District Court for the Central District of California is the proper place for the trial of this action under *California Civil Code* §1780(d), and this action is properly commenced in this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of February 2011, at Los Angeles, California.

Thomas Velazquez

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WILLY GRANADOS and THOMAS VELAZQUEZ on Behalf of Themselves and All Other Persons Similarly Situated. | POWER BALANCE, LLC and DOES 1- 1Ǫ |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Vahn Alexander (167373), Faruqi & Faruqi, LLP, 1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067, Tel: 310-461-1426 / Fax: 310-461-1427 | Unknown. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332(d)(2)&(5)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☒ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV11-00191

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): See attachment. _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
            ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
            ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
            ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 2, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## RELATED CASES ATTACHMENT

1. *Batungbacal v. Power Balance, LLC, et al.*, Case No. 8:11-cv-00018-CJC-MLG;

2. *Clemence v. Power Balance, LLC, et al.*, Case No. 8:11-cv-00025-CJC-MLG;

3. *Greene v. Power Balance, LLC, et al.*, Case No. 8:11-cv-00049-CJC-MLG;

4. *Ghodsian v. Power Balance, LLC, et al.*, Case No. 8:11-cv-00075-CJC-MLG; and

5. *Khang v. Power Balance, LLC*, Case No. 8:11-cv-00145-CJC-MLG.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 191 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] Western Division | [X] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Vahn Alexander (167373)
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Tel: 310-461-1426 / Fax: 310-461-1427
Email: valexander@faruqilaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY GRANADOS and THOMAS VELAZQUEZ on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>                                         PLAINTIFF(S)<br><br>                    v.<br><br>POWER BALANCE, LLC and DOES 1- 10 ,<br><br>                                         DEFENDANT(S). | CASE NUMBER<br><br>SACV11-00191 AG(RNBx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S): POWER BALANCE, LLC, 30012 Ivy Glenn Drive, Suite 180, Laguna Niguel, California 92677.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Vahn Alexander, Faruqi & Faruqi, LLP , whose address is 1901 Avenue of the Stars, 2nd Floor, Los Angeles, California 90067. _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JULIE PRADO  SEAL

Dated: February 2, 2011 _____

By: _____

                    Deputy Clerk

                    *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS